1   UNITED STATES DISTRICT COURT
2   SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                            :

UNITED STATES OF AMERICA       :
                            :

      -against-          :        19-CR-862 (VEC)
                            :

  JONATHAN GARCIA,        :       JURY INSTRUCTIONS
                            :

          Defendant.      :
                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

**Table of Contents**

3   **I.   INTRODUCTION**..................................................................................... 3

4   **II.  GENERAL INSTRUCTIONS** ............................................................. 3

5   A.    ROLE OF THE COURT ............................................................... 3
6   B.    ROLE OF THE JURY .................................................................. 4
7   C.    ROLE OF COUNSEL / OBJECTIONS ....................................... 4
8   D.    SYMPATHY OR BIAS ............................................................... 5
9   E.    PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF ........ 5
10   F.    REASONABLE DOUBT .............................................................. 6
11   G.    WHAT IS AND IS NOT EVIDENCE ........................................... 6
12   H.    DIRECT AND CIRCUMSTANTIAL EVIDENCE ........................... 8
13   I.    WITNESSES ............................................................................. 9
14       1.  General Credibility ......................................................... 9
15       2.  Expert Witnesses ............................................................ 9
16       3.  Bias of Witnesses .......................................................... 10
17       4.  Cooperating Witnesses .................................................. 10
18       5.  Preparation of Witnesses ............................................... 11
19       6.  Conclusion .................................................................... 12
20   J.    UNCALLED WITNESSES ......................................................... 12
21   K.    PERSONS NOT ON TRIAL ........................................................ 12
22   L.    DEFENDANT'S TESTIMONY ..................................................... 12
23   M.    REDACTION OF EVIDENTIARY ITEMS ..................................... 13
24   N.    GOVERNMENT INVESTIGATION .............................................. 13

25   **III. SUBSTANTIVE INSTRUCTIONS** ................................................. 13

26   A.    SUMMARY OF THE INDICTMENT / MULTIPLE COUNTS ........... 13
27   B.    RACKETEERING CONSPIRACY ................................................ 14
28       1.  Element One: Agreement ............................................... 14

| | | | |
|---|---|---|---|
| 1 | | a. | Enterprise ................................................................................... 14 |
| 2 | | b. | Effect on Interstate Commerce .................................................... 15 |
| 3 | | c. | Pattern of Racketeering ............................................................... 15 |
| 4 | | 2. | Element Two: Membership in the Conspiracy .......................... 16 |
| 5 | | 3. | Element Three: Agreement to Commit Predicate Acts............... 17 |
| 6 | | a. | Murder ......................................................................................... 18 |
| 7 | | (i) | Intentional Murder: ....................................................... 18 |
| 8 | | (ii) | Murder by Reckless Endangerment ............................... 18 |
| 9 | | (iii) | Justification ................................................................... 19 |
| 10 | | (iv) | Attempt .......................................................................... 19 |
| 11 | | (v) | Conspiracy ..................................................................... 20 |
| 12 | | (vi) | Aiding and Abetting....................................................... 20 |
| 13 | | b. | Robbery ....................................................................................... 21 |
| 14 | | (i) | Robbery Under New York State Law ............................. 21 |
| 15 | | (ii) | Robbery Under Federal Law .......................................... 21 |
| 16 | | c. | Distribution of Controlled Substances ....................................... 22 |
| 17 | | 4. | Special Interrogatories ............................................................. 24 |
| 18 | C. | MURDER IN AID OF RACKETEERING ................................................. 25 |
| 19 | | 1. | Element One: Existence of the Enterprise ................................ 25 |
| 20 | | 2. | Element Two: Murder in Violation of New York Law ................ 25 |
| 21 | | 3. | Element Three: Participation for Benefit .................................. 25 |
| 22 | D. | DRUG CONSPIRACY......................................................................... 26 |
| 23 | | 1. | Element One: Existence of the Conspiracy ............................... 27 |
| 24 | | a. | Distribution ................................................................................. 27 |
| 25 | | b. | Possession ................................................................................... 27 |
| 26 | | 2. | Element Two: Membership in the Conspiracy .......................... 28 |
| 27 | | 3. | Drug Type and Quantity ........................................................... 28 |
| 28 | E. | FIREARMS OFFENSE ....................................................................... 30 |
| 29 | | 1. | Element One: Commission of the Predicate Offense ................ 30 |
| 30 | | 2. | Element Two: "Using," "Carrying," or "Possessing"................... 31 |
| 31 | | 3. | Aiding and Abetting the Firearms Offense ................................ 32 |
| 32 | | 4. | Special Interrogatory (Brandish and Discharge)....................... 33 |
| 33 | F. | VARIANCE IN DATES ...................................................................... 34 |

| | | |
|---|---|---|
| 34 | **IV. FINAL INSTRUCTIONS**................................................................ **34** |

| | | |
|---|---|---|
| 35 | A. | RIGHT TO SEE EXHIBITS AND HEAR TESTIMONY; COMMUNICATIONS WITH COURT .......... 34 |
| 36 | B. | NOTES .......................................................................................... 35 |
| 37 | C. | DUTY TO DELIBERATE / UNANIMOUS VERDICT .................................. 35 |
| 38 | D. | SELECTING A FOREPERSON AND THE FOREPERSON'S DUTIES .............. 36 |
| 39 | E. | VERDICT FORM AND RETURN OF VERDICT ....................................... 36 |
| 40 | F. | EXCEPTIONS.................................................................................. 36 |
| 41 | G. | OATH ........................................................................................... 37 |

# I.   INTRODUCTION

Members of the jury, you have heard all of the evidence.  I am now going to instruct you on the law that governs the case.  There are three parts to these instructions:

First, I will provide you with some general instructions about your role and about how you are to decide the facts of the case.  These instructions would apply to just about any trial.

Second, I will give specific instructions about the legal rules applicable to this particular case.

Third, I will give you instructions on the general rules governing your deliberations.

I will read most of this.  It is not my favorite way to communicate with a jury, but because there is a need for precision, it is important that I get the words just right, and so that is why I will be reading.

I have provided each of you with a copy of this charge.  If you find it easier to listen and understand while you are reading along, please do so.  If you would prefer, you can just listen.  Either way, you will have a copy of the charge with you in the jury room so you can consult it if you want to re-read any portion to facilitate your deliberations.  You will also have in the jury room a verdict form on which to record your verdict.

# II.   GENERAL INSTRUCTIONS

## A.  Role of the Court

It is my duty to instruct you on the law, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant for your consideration.  It is your duty to accept my instructions on the law and to apply them to the facts as you determine them.

On legal matters, you must take the law as I give it to you.  You may not substitute your own notions or opinions of what the law is or ought to be.  You should not be concerned about

the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the

law is — or should be — it would violate your sworn duty to base a verdict upon any view of the

law other than that which I give you.

If any attorney has stated a legal principle different from what I tell you, you must follow

my instructions. You should not single out any particular instruction as alone stating the law.

You should consider my instructions as a whole as you deliberate.

You should not infer from anything I have said or done during this trial that I have any

view on the credibility of the witnesses or any view about how you should decide the case. I

have no opinion as to the facts or the verdict that you should render in this case.

### B.  Role of the Jury

You are the sole and exclusive judges of the facts. You determine the credibility of the

witnesses. You resolve any conflicts that might exist in the evidence. You draw whatever

reasonable inferences you decide to draw from the facts as you have determined them, and you

determine the weight to give the various pieces of evidence.

You must base your discussions and decisions solely on the evidence presented to you

during the trial and that evidence alone. You may not consider or speculate on matters not in

evidence or matters outside the case.

### C.  Role of Counsel / Objections

As I told you at the outset of the case, it is the duty of the attorneys to object when the

other side offers testimony or evidence that the attorney believes is not properly admissible.

Therefore, you should draw no inference if an attorney objected to evidence. Nor should you

draw any inference from the fact that I might have sustained or overruled an objection.

4

## D.  Sympathy or Bias

You are required to evaluate the evidence calmly and objectively, and you must be completely fair and impartial.  Your verdict must be based solely on the evidence introduced at this trial, or the lack of evidence.  The parties in this case are entitled to a trial free from prejudice or bias for or against either side.  Our judicial system works only if you reach your verdict through a completely fair and impartial consideration of the evidence.

In deciding the facts of the case, it would be improper for you to consider any personal feelings you may have about any party or any witness, any punishment that might be imposed, or any other such irrelevant factor.  This case must be decided by you as an action between parties of equal standing in the community and of equal worth.  All parties are entitled to the same fair trial.  The Government and the Defendant stand as equals before the law and are to be dealt with as equals in this Court.

## E.  Presumption of Innocence and Burden of Proof

Defendant Jonathan Garcia is charged with several crimes.  Please bear in mind that a charge is not evidence of anything and that Mr. Garcia is presumed innocent.

The Government has the burden of proving every element of each charge beyond a reasonable doubt.  If the Government succeeds in meeting its burden on a particular charge, your verdict must be guilty as to that charge; if it fails, your verdict must be not guilty as to that charge.  The burden of proof never shifts to the Defendant.  The law presumes every defendant to be innocent and therefore never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

1    In other words, as to each charge, the Defendant starts with a clean slate and is presumed

2    innocent until such time, if ever, that you as a jury are satisfied that the Government has proven,

3    beyond a reasonable doubt, that he is guilty of that crime.

4        **F.  Reasonable Doubt**

5        The question then becomes: what is a reasonable doubt?

6        The words almost define themselves.  It is a doubt based upon reason and common sense.

7    It is a doubt that a reasonable person has after carefully weighing all of the evidence.  It is a

8    doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or

9    her personal life.  Proof beyond a reasonable doubt must, therefore, be proof that is so

10   convincing that a reasonable person would not hesitate to rely upon it in making an important

11   decision in his or her own life.

12       Proof beyond a reasonable doubt is not, however, proof beyond all possible doubt.  A

13   reasonable doubt is not a doubt based on caprice or whim.  Nor is it a doubt based on speculation

14   or suspicion.  Reasonable doubt is also not an excuse to avoid the performance of an unpleasant

15   duty.

16       If, after fair and impartial consideration of the evidence, you have a reasonable doubt as

17   to the Defendant's guilt as to a particular charge, then you must find him not guilty on that

18   charge.  On the other hand, if after fair and impartial consideration of all the evidence, you are

19   satisfied beyond a reasonable doubt of the Defendant's guilt on that charge, then you must find

20   him guilty of that charge.

21       **G.  What Is and Is Not Evidence**

22       I want to take a moment to describe to you what is and is not evidence in this case.  As I

23   have said, you must rely only on evidence in your deliberations.  The evidence in this case is the

sworn testimony of the witnesses, the exhibits, and the stipulations that were received in

evidence. Other things are not evidence.

1.     A question by a lawyer is not evidence. The witnesses' answers are evidence, not the questions. Similarly, documents that lawyers provided to witnesses to refresh their recollection are not evidence; only the witnesses' answers are evidence.

2.     Arguments by lawyers are not evidence. What the attorneys said in their opening statements and in their summations was intended to help you understand the evidence and to reach a verdict. If your recollection of the facts differs from the attorneys' statements, it is your recollection that controls.

3.     Statements that I may have made concerning the evidence are not evidence.

4.     Testimony that has been stricken or excluded is not evidence, and it may not be considered by you in rendering your verdict.

5.     Anything you may have seen or heard outside the courtroom is not evidence.

Now I will discuss what is evidence. Evidence may come in several forms:

1.     The sworn testimony of witnesses, regardless of who called the witness, is evidence. This is true of the witnesses' answers on both direct and cross examination.

2.     The exhibits that were admitted during the trial are evidence.

3.     The stipulations that both parties agreed to and read during the trial are evidence. You must accept as true the facts to which the parties stipulated.

### H.  Direct and Circumstantial Evidence

Generally, there are two types of evidence that you may consider in reaching your verdict: direct and circumstantial.

Direct evidence is testimony by a witness about something he or she knows by virtue of his or her own senses — something that he or she has done, seen, felt, touched, or heard.  For example, if a witness testified that on the day in question she was in her office, and she could see that it was raining all day, that would be direct evidence about the weather on that day.

Circumstantial evidence is evidence of one fact from which you may infer the existence of other facts.  For example, assume that a witness testified that his office does not have a window.  On the day in question, however, he saw numerous people coming into the office with wet raincoats and carrying dripping umbrellas.  That testimony about wet raincoats and dripping umbrellas is circumstantial evidence that it was raining that day.  So even though you have no direct evidence regarding the weather, you have circumstantial evidence that it was raining.

With circumstantial evidence, you must be careful to draw reasonable inferences that reflect all of the evidence.  For example, if you live in the city and wake up in the morning and see that the sidewalk is wet but the street is dry, it is not reasonable to infer that it rained last night.  Instead, a more reasonable inference is that the building staff has hosed down the sidewalk.

That is all there is to circumstantial evidence.  You infer on the basis of reason and common sense from one fact (in my first example, dripping raincoats and umbrellas) the existence or non-existence of some other fact (in that case, rainy weather).  When circumstantial evidence is presented, it is of no less weight than direct evidence.

# I. Witnesses

## 1. General Credibility

You have had the opportunity to observe the witnesses. You are the sole judges of the credibility of each witness and of the importance of his or her testimony. Decide what testimony to believe and what not to believe. Consider each witness's demeanor and manner of testifying; the witness's opportunity to see, hear, and know about the events described; the witness's ability to recall and describe those things; and the reasonableness of the testimony in light of all of the other evidence in the case. Consider whether part of a witness's testimony was contradicted or supported by other testimony, by what the witness said or did on a prior occasion, or by the testimony of other witnesses or by other evidence.

You should consider whether the witness had an opportunity to observe the facts he or she testified about. You should also consider whether the witness's recollection of the facts stands up in light of the other evidence in the case.

If you find that a witness has willfully testified falsely as to an important matter, you may disregard the witness's entire testimony, or you may accept as much of the testimony as you find to be true and disregard what you find to be false. A witness may have been mistaken or may have lied in part of his or her testimony while having been accurate and truthful in other parts.

## 2. Expert Witnesses

You have also heard testimony from expert witnesses. Experts are witnesses who have acquired learning or experience in science or a specialized area of knowledge by education, experience, or training. They are permitted to give their opinions on matters in which they profess to be experts and to give the reasons for their opinions. Someone who is experienced in a field may assist you in understanding the evidence and in reaching your independent decision

1 of the facts. Your role in judging credibility applies to experts as well as other witnesses. You

2 should judge the expert testimony the same way that you judge the testimony of any other

3 witness. In weighing expert testimony, you should consider the factors that generally bear upon

4 the credibility of a witness, as well as the expert witness's education, training and experience, the

5 soundness of the reasons given for the opinion, and all the other evidence in the case.

6                    **3.      Bias of Witnesses**

7         In deciding whether to believe a witness, you should specifically note any evidence of

8 hostility or affection that the witness may have had for or against the Defendant. Likewise, you

9 should consider evidence of any other interest or motive that the witness may have in

10 cooperating with or helping either party.

11         It is your duty to consider whether the witness has permitted any such bias or interest to

12 color his or her testimony. If you find that a witness is biased, you should view his or her testimony

13 with caution, weigh it with care and subject it to close and searching scrutiny.

14         Of course, the mere fact that a witness is interested in the outcome of the case does not

15 mean the witness has not told the truth. It is for you to decide from your observations and

16 applying your common sense and experience and all the other considerations mentioned whether

17 the possible interest of a witness in the outcome of the case has intentionally or otherwise

18 colored or distorted his or her testimony. You are not required to believe or disbelieve an

19 interested witness; you may accept as much of the testimony as you deem reliable and reject as

20 much as you deem unworthy of belief.

21                    **4.      Cooperating Witnesses**

22         You have heard testimony from witnesses who entered into agreements to cooperate with

23 the Government. The Government is permitted to enter into these kinds of agreements and is

entitled to call cooperating witnesses. You may convict the Defendant on the basis of a cooperating witness's testimony alone if you find that the testimony proves the Defendant's guilt beyond a reasonable doubt.

You should examine the testimony of each of the cooperating witnesses with great care and caution. You should look at all of the evidence and decide what credence and what weight, if any, to give to each witness's testimony. You should ask yourselves whether the witness would benefit more by lying or by telling the truth. Did the witness believe that his interest would be best served by testifying truthfully or falsely? If you believe that the witness was motivated by hope of personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth? Did that motivation color his testimony?

**5.      Preparation of Witnesses**

You have heard evidence during the trial that certain witnesses met with the attorneys before the witness appeared in court. There is nothing either unusual or improper about a witness meeting with lawyers before testifying. Such a meeting allows the witness to know the subjects that he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. Such consultation makes the trial process more efficient. In fact, it would be unusual for a lawyer to call a witness without such consultation.

What weight, if any, you give to the fact or nature of the witness's preparation for his or her testimony, and what inferences you draw from such preparation, are matters completely within your discretion.

### 6. Conclusion

Going back to witnesses generally, what you must try to do in deciding credibility is to size up a person just as you would in any important matter in your own life where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

### J. Uncalled Witnesses

There are several persons whose names you have heard during the course of the trial who did not testify. I instruct you that each party had an equal opportunity or lack of opportunity to call those witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what such witnesses would have said had they been called. Their absence should not affect your judgment in any way.

### K. Persons Not on Trial

Some of the people who may have been involved in the events at issue in this trial are not on trial. You may not draw any inference from the fact that persons other than the Defendant were not defendants in this trial. Nor may you speculate as to the reasons why other persons are not on trial. Those matters are wholly outside your concern and have no bearing on your function as jurors.

### L. Defendant's Testimony

Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant's guilt beyond a reasonable doubt. A defendant is never required to prove that he or she is innocent.

Mr. Garcia did not testify in this case. You may not attach any significance to the fact that the Defendant did not testify. You may not draw any adverse inference against the Defendant because he did not testify. The Defendant is not required to prove that he is innocent.

### M. Redaction of Evidentiary Items

Among the exhibits admitted into evidence were documents or transcripts that were redacted. "Redacted" means that part of the document was removed or blacked out. You are to concern yourself only with the part of the item that has been admitted into evidence. You should not consider any possible reason why the remainder has been redacted or speculate as to what may have been redacted that was not introduced into evidence.

### N. Government Investigation

All of the evidence that was admitted at trial was lawfully collected and may be considered by you. The Government's investigation, what it did and what it did not do, is not at issue. The issue for you to decide is whether the evidence presented to you is sufficient to prove the crimes charged beyond a reasonable doubt.

## III. SUBSTANTIVE INSTRUCTIONS

### A. Summary of the Indictment / Multiple Counts

Let us now turn to the specific charges against Mr. Garcia.

Mr. Garcia is charged with

- conspiracy to violate the racketeering laws;

- murder in aid of racketeering;

- conspiracy to traffic drugs; and

- using and carrying a firearm in connection with the drug trafficking conspiracy.

You must separately consider and return a verdict as to each count. There is no significance to the order of the counts or to the number of counts charged.

## B. Racketeering Conspiracy

The Indictment charges Mr. Garcia with Racketeering Conspiracy. In order to sustain its burden of proof on the Racketeering Conspiracy charge, the Government must prove, beyond a reasonable doubt, each of the following elements:

First, that there was an agreement among two or more persons to participate in an enterprise that would affect interstate commerce through a pattern of racketeering activity;

Second, that the Defendant knowingly and intentionally joined the conspiracy; and

Third, that the Defendant agreed that either he or another member of the conspiracy would commit at least two acts of racketeering.

### 1. Element One: Agreement

The first element that the Government must prove, beyond a reasonable doubt, is that there was a conspiracy among two or more persons to participate in an enterprise whose affairs would affect interstate commerce through a pattern of racketeering activity.

A "conspiracy" is just an agreement among two or more persons to violate the law. To establish the existence of a conspiracy, the Government is not required to prove that two or more people sat around a table and entered into a formal agreement. It is sufficient if two or more people, in some way or manner, reached a common understanding to violate the law.

In this case, the Indictment charges that the unlawful goal of the conspiracy was to participate in the affairs of an enterprise whose activities would affect interstate commerce through a pattern of racketeering activity.

### a. Enterprise

An "enterprise" is a group of people formally or informally associated together for a common purpose of engaging in a course of conduct over a period of time. The Indictment in

14

1 this case charges that the enterprise is the Latin Kings, including the Black Mob tribe. The time

2 frame charged is from at least 2012 up to the present.

3       In addition to having a common purpose, the group must have an ongoing organization,

4 either formal or informal, and it must have a core of personnel that functions as a continuing

5 unit. A group of individuals who are associated in fact can constitute an enterprise. The

6 enterprise must continue to exist in substantially similar form throughout the period charged. It

7 does not have to have exactly the same membership throughout the period charged, but the

8 enterprise must have a recognizable core that continues during a substantial period within the

9 time frame charged.

10       **b.**     **Effect on Interstate Commerce**

11       Interstate commerce includes the movement of goods or services between states. A

12 minimal effect is sufficient, and the Government is not required to prove that the Defendant

13 knew the enterprise was affecting interstate commerce.

14       I instruct you, as a matter of law, that the distribution of controlled substances and

15 robbery of controlled substances each have an effect on interstate commerce.

16       **c.**     **Pattern of Racketeering**

17       A pattern of racketeering activity requires at least two acts of racketeering, the last of

18 which occurred within 10 years excluding any period of imprisonment after the commission of

19 a prior act of racketeering. In this case, the racketeering acts are alleged to be murder, robbery,

20 and distribution of controlled substances. To establish a "pattern of racketeering activity," the

21 Government must prove that the racketeering acts had a nexus to the enterprise and that the

22 racketeering acts were related to one another.

"Nexus" means that the acts have a meaningful connection to the enterprise. "Related" means that the acts have the same or similar purposes, results, participants, victim, or methods of commission, or are otherwise interrelated by distinguishing characteristics and are not merely isolated criminal conduct. Two racketeering acts may be "related" even though they are dissimilar or not directly related to each other, provided that the racketeering acts are related to the same enterprise.

Further, the Government must prove that the pattern of racketeering activity either extended over a substantial period of time or posed a threat of continued criminal activity. The threat of continued unlawful activity may be established by proof that the racketeering acts were the way that the enterprise typically conducted its affairs. In determining whether the Government has proven that the racketeering activity posed a threat of continued criminal activity, you are not limited to considering the specific racketeering acts, if any, that the Defendant committed. The question is whether, considering the evidence as a whole, including the nature of the enterprise and the unlawful activities of the enterprise and its members, including both charged and uncharged criminal conduct, the Government has proven, beyond a reasonable doubt, that there was a threat of continued unlawful activity.

### 2. Element Two: Membership in the Conspiracy

The second element that the Government must prove, beyond a reasonable doubt, is that the Defendant knowingly and intentionally became a member of the conspiracy. The Defendant became a member of the conspiracy if he knowingly and willfully agreed to participate in, or associate himself with, the Latin Kings. Mere knowledge or acquiescence, without participation, in the unlawful conspiracy is not sufficient. The Defendant must have

1  participated in the conspiracy with knowledge of at least some of the purposes or objectives of

2  the conspiracy and with the intent of aiding in the accomplishment of those unlawful ends.

3  　　　　To act "knowingly" means to act voluntarily and deliberately, rather than mistakenly

4  or inadvertently. To find that the Defendant acted knowingly it is not necessary to find that

5  he was fully informed of all of the details of the conspiracy or knew all of its participants. He

6  need know only one other member of the conspiracy and only one of its goals. He can join

7  the conspiracy at any point and need not have received any benefit in return. The Defendant

8  need not have been a member of and actively participated in the conspiracy for the entire time

9  that the conspiracy existed. On the other hand, merely associating with a member of the

10  conspiracy is not sufficient, even if the Defendant knows that the conspiracy exists.

11  　　　　A person acts willfully if he acts with a bad or evil purpose to break the law.

12  　　　　**3.　　Element Three: Agreement to Commit Predicate Acts**

13  　　　　The third element that the Government must prove, beyond a reasonable doubt, is that

14  the Defendant agreed that either he or a co-conspirator would commit at least two

15  racketeering acts.

16  　　　　As before, the Government does not have to prove that Mr. Garcia sat around a table with

17  others and entered into a formal agreement to commit racketeering acts. It is sufficient if he, in

18  some way or manner, reached a common understanding with at least one other co-conspirator

19  that he or a co-conspirator would commit at least two acts of racketeering of the types alleged in

20  the Indictment.

21  　　　　The Indictment alleges that the enterprise engaged in the following racketeering acts,

22  which I will sometimes refer to as "predicate acts":

1  (a) Murder, including attempted murder and conspiracy to murder, in violation of New

2 York State law;

3  (b) Robbery, including attempted robbery and conspiracy to commit robbery, in violation

4 of New York State or federal law; and

5  (c) Distribution of controlled substances in violation of federal law.

6  You need not determine that the Defendant agreed that he or another conspirator would

7 commit any particular racketeering act in order to find him guilty on this charge.  But you must

8 be unanimous as to which type or types of racketeering activity the Defendant agreed would be

9 committed.

10  **a.**  **Murder**

11  Under New York State law, murder is committed when a person causes the death of

12 another, and the person either (1) did so with the intent to cause the death of the intended victim,

13 or (2) recklessly engages in conduct that creates a grave risk of death to the intended victim

14 under circumstances showing a depraved indifference to human life, and thereby causes the

15 death of the intended victim or another person.  For simplicity, I will call the first type of murder

16 "intentional murder" and the second type of murder "murder by reckless endangerment."

17  (i)  Intentional Murder:  A person commits intentional murder if he acts

18  deliberately and purposefully; that is, the Defendant's actions must have been his

19  conscious objective rather than the product of mistake, accident, negligence, or some

20  other innocent reason.

21  (ii)  Murder by Reckless Endangerment: A person commits murder by reckless

22  endangerment if he engages in conduct that creates a grave risk of death to another

23  person and does so with a depraved indifference to human life — that is, a complete and

18

conscious disregard for the life of another.  The risk of death must be so grave and

unjustifiable and of such nature and degree that disregarding the risk constitutes a gross

deviation from the standard of conduct that a reasonable person would observe in that

situation.  A defendant acts with a depraved indifference to human life if, even though he

was aware that there was a substantial and unjustifiable risk that death would result from

his actions, he nonetheless engaged in conduct that caused the death of the victim, in

conscious disregard of that risk.  In other words, a person has a depraved indifference to

human life when he has an utter disregard for the value of human life — a willingness to

act, not because he means to cause grievous harm, but because he does not care whether

grievous harm will result.

(iii)    <u>Justification</u>:  Under New York law, a defendant's use of deadly physical

force may be justified if (a) he subjectively believed that deadly physical force was

necessary to defend himself from the use or imminent use of deadly physical force and

that belief was objectively reasonable under the circumstances, (b) he retreated from the

encounter if he knew that he was able to do so with complete safety, and (c) he was not

the initial aggressor.  The term "deadly physical force" means physical force which is

readily capable of causing death or other serious physical injury.  The term "initial

aggressor" means the first person who uses or threatens the imminent use of physical

force in a given encounter.  If mere physical force is employed against a defendant and

the defendant responds by employing deadly physical force, the initial aggressor is the

first person in the encounter to use deadly physical force.

(iv)    <u>Attempt</u>:  An attempted crime is committed if a person unlawfully,

knowingly, and intentionally attempts to commit the crime and takes some act that is a

1  substantial step toward accomplishing the crime.  I have already instructed you on the

2  concept of acting knowingly and intentionally and those instructions apply here as well.

3       (v)    <u>Conspiracy</u>:  Conspiracy to commit a crime under New York law is

4  committed when a person agrees with one or more other persons to commit the crime;

5  does so with the intent that the crime be committed; and some member of the conspiracy

6  commits some act in furtherance of the conspiracy.

7       (vi)    <u>Aiding and Abetting</u>:  A person who aids or abets another to commit an

8  offense is just as guilty of that offense as if he committed it himself.  In order to prove

9  that the Defendant aided or abetted a crime, the Government must prove: (1) that another

10  person actually committed the crime; and (2) that the Defendant, knowing that such a

11  crime was being committed, intentionally associated himself with that crime and did

12  something to contribute to the success of the crime.

13  A person acts intentionally if he acts deliberately and purposefully; that is, the

14  person's actions must have been his conscious objective rather than the product of

15  mistake, accident, negligence, or some other innocent reason.

16  Please note, however, that the law does not permit guilt by association.

17  Therefore, the mere presence of a person where a crime is being committed, even if

18  coupled with knowledge by the person that a crime is being committed, is not sufficient

19  to make the person guilty as an aider and abettor.  Such a person would be guilty of the

20  offense as an aider and abettor only if, in addition to knowing of the criminal activity, he

21  actually took actions intended to help the crime succeed.

22  In determining whether the Defendant agreed as part of the racketeering conspiracy that

23  he or a co-conspirator would commit or attempt to commit murder in violation of New York

20

State law, you may apply the instructions on aiding and abetting I just gave you. Thus, you may find that the Government has proved that murder was among the racketeering acts the Defendant agreed that he or a co-conspirator would commit if you find that the Defendant agreed that he or a co-conspirator would commit, attempt to commit, or conspire to commit murder under New York law, or because you find that he agreed that he or a co-conspirator would aid or abet another to do so.

### b. Robbery

The Indictment charges that robbery under New York law and federal law was a predicate act of the charged racketeering conspiracy.

#### (i) Robbery Under New York State Law

Under New York State law, robbery is committed when:

First, a person wrongfully takes, obtains, or withholds property from the owner of the property;

Second, the person takes the property with the intent to deprive another of the property or to appropriate the property to himself; and

Third, in taking the property, the person uses or threatens the immediate use of physical force upon another person for the purpose of preventing or overcoming resistance to the taking of the property.

#### (ii) Robbery Under Federal Law

Under federal law, robbery is committed when:

First, a person knowingly obtains or takes the property of another;

Second, the person does so against the victim's will, by actual or threatened force, violence, or fear of injury, whether immediate or in the future; and

21

Third, the person's conduct actually or potentially, in any way or degree, obstructs, delays, or affects interstate commerce. As I noted previously, the distribution of controlled substances has an effect on interstate commerce.

In determining whether the Defendant agreed as part of the racketeering conspiracy that he or a co-conspirator would commit, attempt to commit, or conspire to commit robbery in violation of state law, you should apply the instructions on aiding and abetting, attempt, and conspiracy that I gave you previously.

In determining whether the Defendant agreed as part of the racketeering conspiracy that he or a co-conspirator would commit or attempt to commit robbery in violation of federal law, you should apply the instructions on aiding and abetting and attempt that I gave you previously. The elements of conspiracy to commit robbery under federal law are a little different. In order to prove that the Defendant engaged in a conspiracy to commit robbery under federal law, the Government must prove, beyond a reasonable doubt, each of the following elements:

First, that there was a conspiracy to commit robbery under federal law, which I have already defined for you; and

Second, that the Defendant knowingly and willfully joined that conspiracy.

I have previously defined "knowingly" and "willfully," and you should apply those definitions here.

### c. Distribution of Controlled Substances

Finally, the Indictment charges distribution and conspiracy to distribute controlled substances in violation of federal law was as predicate act of the charged Racketeering Conspiracy. In order to find that a person unlawfully distributed controlled substances in

violation of federal law, the Government must prove that the person knowingly and intentionally distributed a controlled substance or conspired to do so.

I instruct you as a matter of law that heroin, fentanyl, cocaine (whether in powder form or as crack), oxycodone, alprazolam (commonly referred to as "Xanax"), and marijuana are all controlled substances.

The term "distribute" means to deliver, pass, or hand over something to another person, or cause something to be delivered, passed, or handed over. Distribution does not require a sale, although selling is one way to distribute a controlled substance.

I have previously defined "knowingly" and "intentionally" and you should apply those definitions here.

In determining whether the Defendant agreed as part of the racketeering conspiracy that he or a co-conspirator would unlawfully distribute a controlled substance, you should apply the aiding and abetting instructions I gave you earlier.

Like with robbery, the elements of conspiracy under the federal drug laws are different from the elements of conspiracy under New York State law about which I charged you previously. A person commits conspiracy to distribute controlled substances in violation of federal drug laws when there is an agreement to distribute controlled substances and the person knowingly and intentionally joins the agreement. I have previously instructed you on what it means to enter into a conspiracy and to act knowingly and intentionally and you should apply those instructions here.

Thus, you may find that the Government has proved that distribution of controlled substances was among the racketeering acts the Defendant agreed to commit if you find that the Defendant agreed that he or a co-conspirator would distribute, or aid and abet the distribution of,

controlled substances or that the Defendant agreed that he or a co-conspirator would conspire

with another to do so.

\*　　\*　　\*

If you find that the Government has proven all of the elements of a racketeering

conspiracy, beyond a reasonable doubt, you must indicate on your Verdict Sheet that the

Defendant is guilty of Racketeering Conspiracy.  If you find that the Government has not proven

all of the elements of the racketeering conspiracy charge, you must indicate on your Verdict

Sheet that the Defendant is not guilty of Racketeering Conspiracy.

### 4.　　Special Interrogatories

If, but only if, you find the Defendant guilty of Racketeering Conspiracy, you must

answer additional questions on the Verdict Sheet regarding that count.  You must indicate which

predicate acts the Government proved, beyond a reasonable doubt, the Defendant agreed he or a

co-conspirator would commit.

You must also indicate whether the pattern of racketeering activity that the Defendant

agreed would be committed included the murder of Joshua Flores, also known as Monster.

Additionally, if the pattern of racketeering activity that the Defendant agreed would be

committed included the distribution of controlled substances, you must indicate whether the

quantity of controlled substances involved in the conspiracy was one kilogram or more of heroin,

400 grams or more of fentanyl, five kilograms or more of cocaine, or 280 grams or more of

cocaine base (which is also called crack).  If the quantity of one or more of those controlled

substances was the amount listed or more, check yes.  If the quantity of all of those controlled

substances was less than the amount listed, check no.

### C.  Murder in Aid of Racketeering

The Indictment also charges Mr. Garcia with Murder in Aid of Racketeering.  In order to sustain its burden of proof on this charge, the Government must prove, beyond a reasonable doubt, each of the following elements:

First, that the Latin Kings, which is the charged enterprise, existed, that it engaged in racketeering activity, and that it engaged in, or its activities affected, interstate commerce.

Second, that the Defendant committed a murder; and

Third, that the Defendant committed the murder either to gain entrance to or to maintain or increase his position in the Latin Kings.

#### 1.    Element One: Existence of the Enterprise

I have already defined "enterprise," "affecting interstate commerce," and "racketeering activity."  Those definitions apply here as well.

#### 2.    Element Two: Murder in Violation of New York Law

The second element that the Government must prove is that the Defendant murdered Joshua Flores in violation of New York law.

I have already explained to you the law governing murder under New York law.  You should use those definitions here to determine whether the Government has proved this element.

#### 3.    Element Three: Participation for Benefit

The last element the Government must prove is that the Defendant committed the murder to gain entrance to or to maintain or increase his position in the enterprise.

To establish that Mr. Garcia committed the murder in order to gain entrance to or to maintain or increase his position in the enterprise, the Government must prove that one of the

Defendant's purposes for committing the murder was to gain entrance or to maintain or increase his position in the Latin Kings.

This element will have been proven if the Government proved at least one of those purposes was a reason, even if not the primary motive, for the Defendant's participation. The jury must be unanimous on which purpose was proven.

As I have previously instructed you, a person who aids and abets a crime is just as guilty as if he himself committed the crime. Thus, the Government will have satisfied its burden of proof if it proves the elements described above have been met because the Defendant himself committed the murder or because he aided and abetted another who committed the murder.

If you find that the Government has proven all three elements, beyond a reasonable doubt, then you must indicate on your Verdict Sheet that the Defendant is guilty of Murder in Aid of Racketeering. If you find that any element has not been proven, then you must indicate on your Verdict Sheet that the Defendant is not guilty of Murder in Aid of Racketeering.

### D. Drug Conspiracy

The Indictment next alleges that Mr. Garcia conspired with others to unlawfully possess with intent to distribute and to distribute controlled substances.

In order to sustain its burden of proof with respect to this charge, the Government must prove two elements beyond a reasonable doubt:

First, that the charged conspiracy existed; and

Second, that the Defendant knowingly and intentionally joined and participated in the conspiracy during the charged time period.

### 1.   Element One: Existence of the Conspiracy

I have already instructed you on what it means to conspire under the federal drug laws, and you should apply that instruction here.

The Government alleges that the goal of this conspiracy was to violate the federal drug laws by distributing controlled substances or possessing controlled substances with the intent to distribute them.  Specifically, the Government charges that the goal of the charged conspiracy was to distribute, or possess with intent to distribute, heroin, fentanyl, powder cocaine, crack cocaine, oxycodone, alprazolam (commonly known as Xanax), and marijuana.  I instruct you that each of those are controlled substances.

The Government must prove beyond a reasonable doubt that the goal of the conspiracy was to distribute at least one of the specified controlled substances or to possess with the intent to distribute at least one of the specified controlled substances.  The Government can, but need not, prove both.  You must be unanimous, however, as to which goal of the conspiracy was proven and as to which controlled substance or substances.

### a.   Distribution

I have previously charged you on what it means to distribute a controlled substance, and you should apply that instruction here.

### b.   Possession

"Possession" can be either actual or constructive.  Actual possession is what most of us think of as possession, that is, having physical custody or control of an object.  By way of example, I possess this pen.  Constructive possession is the ability to exercise substantial control over an object that is not in a person's physical custody and the intent to exercise such control.  For example, if your friend borrows your car, you can direct him or her to deliver the car to the

garage. In that instance, although you do not have actual possession of the car, you have constructive possession because you have the ability to direct the actions of your friend, who actually possesses the car. The law recognizes that more than one person can possess an object at the same time. If more than one person has possession of the object, then the object is jointly possessed.

A person possesses "with intent to distribute" a controlled substance if the person has possession of a controlled substance, either actual or constructive, and intends to "distribute" it to another person or persons. As I explained, distribute simply means to transfer the item to another person.

### 2.    Element Two: Membership in the Conspiracy

The second element that the Government must prove, beyond a reasonable doubt, is that the Defendant knowingly and intentionally became a member of the conspiracy. I have already instructed you regarding the definitions of "knowingly" and "intentionally," and you should apply those instructions here.

If you find that the Government has proven both elements, beyond a reasonable doubt, you must indicate on your Verdict Sheet that the Defendant is guilty of the Drug Conspiracy. If you find that the Government has not proven both elements, you must indicate on your Verdict Sheet that the Defendant is not guilty of the Drug Conspiracy.

### 3.    Drug Type and Quantity

If, but only if, you find Mr. Garcia guilty on this count, you must then answer additional questions on the Verdict Sheet regarding the quantity or quantities of drugs the Defendant is responsible for conspiring to distribute or to possess with intent to distribute.

28

1     In determining the quantity of drug for which the Defendant is responsible, you should

2     include whatever quantity of the controlled substance that was involved in the Defendant's own

3     actions and the actions of co-conspirators taken as part of the drug conspiracy.  You should

4     include the quantity of the controlled substance with which the Defendant and his co-

5     conspirators were involved over the course of the entire conspiracy, as long as the quantity was

6     either known to the Defendant or was reasonably foreseeable to him and was within the scope of

7     criminal activity that he jointly undertook.

8         If you determine that a goal of the conspiracy was to distribute or possess with intent to

9     distribute heroin, then you must indicate on the Verdict Sheet whether you find that the

10    Defendant was responsible for:  1 kilogram or more; 100 grams or more but less than 1 kilogram;

11    or less than 100 grams of mixtures and substances containing detectable amounts of heroin.

12        If you decide that a goal of the conspiracy was to distribute or possess with intent to

13    distribute fentanyl, then you must indicate on the Verdict Sheet whether you find the Defendant

14    was responsible for:  400 grams or more; 40 grams or more but less than 400 grams; or less than

15    40 grams of mixtures and substances containing detectable amounts of fentanyl.

16        If you decide that a goal of the conspiracy was to distribute or possess with intent to

17    distribute powder cocaine, then you must indicate on the Verdict Sheet whether you find the

18    Defendant was responsible for:  5 kilograms or more; 500 grams or more but less than 5

19    kilograms; or less than 500 grams of mixtures and substances containing detectable amounts of

20    cocaine.

21        If you decide that a goal of the conspiracy was to distribute or possess with intent to

22    distribute crack cocaine, then you must indicate on the Verdict Sheet whether you find the

23    Defendant was responsible for:  280 grams or more; 28 grams or more but less than 280 grams;

1  or less than 28 grams of mixtures and substances containing detectable amounts of crack

2  cocaine.

3      A kilogram weighs 2.2 pounds.

4      Your findings regarding quantity must be unanimous.  If you unanimously agree that the

5  Government proved, beyond a reasonable doubt, that the conspiracy involved some quantity of a

6  particular controlled substance, but you do not unanimously agree on the quantity involved, enter

7  on the Verdict Sheet the greatest quantity as to which there is unanimous agreement.

8      **E.  Firearms Offense**

9      Finally, the Indictment charges Mr. Garcia with knowingly using and carrying a firearm

10  during and in relation to the Drug Conspiracy or possessing a firearm in furtherance of the Drug

11  Conspiracy.  You should consider this count only if you have found the Defendant guilty of the

12  Drug Conspiracy.  If you find him not guilty of the Drug Conspiracy, you must find him not

13  guilty of the Firearms Offense.

14      To sustain its burden of proof on this charge, the Government must prove beyond a

15  reasonable doubt each of the following elements.

16      First, that the Defendant committed a drug trafficking offense for which he could be

17  prosecuted in a court of the United States; and

18      Second, that the Defendant knowingly used or carried a firearm during and in relation to

19  the drug trafficking offense or possessed a firearm in furtherance of the drug trafficking offense.

20      **1.      Element One: Commission of the Predicate Offense**

21      The first element that the Government must prove, beyond a reasonable doubt, is that the

22  Defendant committed a drug trafficking crime that can be charged in federal court.  You are

instructed that the charged Drug Conspiracy is a drug trafficking crime that can be charged in federal court.

## 2. Element Two: "Using," "Carrying," or "Possessing"

The second element that the Government must prove, beyond a reasonable doubt, is that the Defendant knowingly used or carried a firearm during the drug trafficking crime or that he knowingly possessed a firearm in furtherance of the drug trafficking crime.

Most guns are firearms, although BB guns, toy guns, replica guns and pellet guns are not. A "firearm" is any weapon that will or is designed to or may be readily converted to expel a projectile by the action of an explosive.

In order to prove that Mr. Garcia used the firearm, the Government must prove some active employment of the firearm during the Drug Conspiracy. This does not mean that the Defendant must have actually fired or attempted to fire the weapon. Brandishing, displaying, or even referring to the weapon so that others present knew that the Defendant had the firearm all constitute "use" of the firearm.

In order to prove that Mr. Garcia carried the firearm during the Drug Conspiracy, the Government must prove that he had the weapon within his control so that it was available to him during that conspiracy.

In order to prove that Mr. Garcia possessed the firearm in furtherance of the Drug Conspiracy, the Government must prove that the Defendant physically possessed the firearm or had dominion and control over its location. The Government must also prove that the Defendant possessed the firearm in order to further, or obtain an advantage in, the commission of the drug trafficking crime.

1    Finally, the Government must prove that the Defendant used or carried the firearm

2    knowingly.  I have previously charged you on what it means to act knowingly and that definition

3    applies here as well.

4         **3.    Aiding and Abetting the Firearms Offense**

5    If you find that the Defendant himself used or carried a firearm in connection with the

6    Drug Conspiracy or that he himself possessed a firearm in furtherance of the Drug Conspiracy

7    then you need not consider whether he also aided and abetted the Firearms Offense.

8    I previously instructed you on aiding and abetting, and you should apply those

9    instructions here.  But there is an additional instruction that applies only to aiding and abetting

10   the Firearms Offense.

11   In order to convict Mr. Garcia of aiding and abetting the Firearms Offense, you must find

12   that the Defendant either aided and abetted the use, carrying, or possession of the firearm in

13   connection with the Drug Conspiracy, or aided and abetted the commission of the charged Drug

14   Conspiracy during which another conspirator used or carried a firearm or possessed a firearm in

15   furtherance of the Drug Conspiracy.  It is not necessary that the Defendant aided and abetted

16   both the possession, use, or carrying of the firearm and the Drug Conspiracy.  To convict Mr.

17   Garcia on an aiding and abetting theory, however, you must find that he had advance knowledge

18   that some participant in the Drug Conspiracy would use or carry a firearm during the Drug

19   Conspiracy or would possess a firearm in furtherance of the Drug Conspiracy.  Advance

20   knowledge means knowledge at a time when the Defendant could have attempted to alter the

21   plan or withdraw from it.  Knowledge of the firearm does not have to exist before the conspiracy

22   began.  It is sufficient if the knowledge was gained during the Drug Conspiracy, so long as the

Defendant continued to participate in the conspiracy and had a realistic opportunity to withdraw from it when he learned of the firearm.

If you find that the Government has proven both elements, beyond a reasonable doubt, then you should indicate on your Verdict Sheet that the Defendant is guilty of the Firearms Offense. If you find that any element has not been proven, then you must indicate on your Verdict Sheet that the Defendant is not guilty of the Firearms Offense.

### 4. Special Interrogatory (Brandish and Discharge)

If, but only if, you find the Defendant guilty of the Firearms Offense, then you will also have to make a separate determination whether the Government proved the firearm was (1) brandished or (2) discharged.

To "brandish" a firearm means to display all or part of the firearm, or to otherwise make known to another person that a firearm is present in order to intimidate that person, regardless of whether the firearm is directly visible to that other person. A defendant is guilty of aiding and abetting the brandishing of a firearm if he had advance knowledge that another participant in the Drug Conspiracy would display the firearm or make the presence of the firearm known for purposes of intimidation.

To "discharge" a firearm means to fire or shoot, whether intentionally or accidentally. The Defendant is guilty of using, possessing or carrying a firearm that was discharged if you find the Government has proven, beyond a reasonable doubt (1) that the Defendant committed the firearms offense or aided and abetted the commission of the offense, and (2) that the firearm in question was discharged.

If you have found the Defendant guilty of the Firearms Offense, you must indicate on your Verdict Sheet whether you find the firearm was brandished, discharged or both.

33

### F.  Variance in Dates

The Indictment alleges that certain acts occurred on or about various dates.  The Government does not need to prove that an act occurred during a specific time period or on a specific date.  I instruct you that it does not matter if a specific event is alleged to have occurred on or about a certain date or in a certain month but the testimony indicates that, in fact, it occurred on a different date or in a different month.  The law requires only a substantial similarity between the dates and months alleged in the Indictment and the dates and months established by the evidence.

## IV.  FINAL INSTRUCTIONS

### A.  Right to See Exhibits and Hear Testimony; Communications with Court

You are about to begin your deliberations.

We will send all of the exhibits excepts for the guns and the drugs into the jury room for your use during deliberations.  The exhibits will be loaded on to the computer that is available to you in the jury room.  If you have any difficulty operating the machine or finding what you want to see, please send me a note and I will send someone in to help.

If you want any further explanation of the law or if you want to hear any testimony read back, you may request that.  If you ask for any testimony to be re-read, please be as specific as possible so that we can identify exactly what you want read and not waste time reading testimony that you do not want to hear.  If there is any doubt or question about the meaning of any part of the instructions that I have given you, you should not hesitate to send me a note asking for clarification or for further explanation.

It is very important that you not communicate with anyone outside the jury room about your deliberations or about anything touching on this case.  There is only one exception to this

1  rule.  If it becomes necessary during your deliberations to communicate with me, you should

2  send me a note, in writing, signed by your foreperson, and give it to the Marshal, who will be

3  available outside the jury room throughout your deliberations.  No member of the jury should

4  ever attempt to communicate with me except by a signed writing, and I will never communicate

5  with a member of the jury on any subject touching on the merits of the case other than in writing

6  or orally here in open court.  If you send any notes to the Court, do not disclose anything about

7  your deliberations.  Specifically, do not disclose to anyone — not even to me — how the jury

8  stands, numerically or otherwise, until after you have reached a unanimous verdict or have been

9  discharged.

10        **B.  Notes**

11        Some of you have taken notes throughout this trial.  I want to emphasize to you that notes

12  are simply an aid to memory.  Your notes may not be given any greater weight or influence in

13  the determination of the case than the recollections of other jurors.  Any difference between a

14  juror's recollection and another juror's notes should be settled by asking to have the court

15  reporter read back the transcript, because it is the court record that the jury must rely on when

16  making a determination of the facts and rendering a verdict.

17        **C.  Duty to Deliberate / Unanimous Verdict**

18        You will now retire to decide your verdict.  As I have already explained, for the

19  Government to prevail, the Government must prove each essential element of the charge beyond

20  a reasonable doubt.  If the Government carries its burden, you must find the Defendant guilty.

21  Otherwise, you must find the Defendant not guilty.

22        Your verdict must be unanimous.  Each juror is entitled to his or her opinion, but you are

23  also required to exchange views with your fellow jurors.  That is the very essence of jury

35

deliberation.  If you have a point of view and, after discussing it with other jurors, it appears that your own judgment is open to question, then of course you should not hesitate to yield your original point of view if you are convinced that the other view is one that satisfies your judgment and conscience.  Do not give up a point of view that you conscientiously believe simply because you are outnumbered.  You should vote with the others only if you are convinced on the evidence, the facts, and the law that it is the correct way to decide the case.  After any breaks, or when you arrive in the morning if your deliberations last more than one day, do not begin to discuss the case until all jurors are present.

### D.  Selecting a Foreperson and the Foreperson's Duties

The first thing you should do when you retire to deliberate is to select one of you to act as your foreperson.  Traditionally, Juror #1 is the foreperson, but that is only tradition.  You are free to select any of your members as your foreperson.

### E.  Verdict Form and Return of Verdict

Once you have reached your verdict, you must record it on the verdict form that I have prepared for you.  The foreperson should fill in the Verdict Sheet, date it, and sign it.  The foreperson should then give a note to the Marshal outside your door stating that you have reached a verdict.  Do not specify what the verdict is in the note.  The foreperson should keep the Verdict Sheet until I ask for it.  You must all be in agreement with the verdict that is announced in court.

### F.  Exceptions

Please remain seated while I confer with the attorneys.

[Confer at sidebar]

[Swear the Marshal]

1  **G. Oath**

2      I remind you that at the very beginning of this case you took an oath.  Your oath sums up

3  your duty.  You must well and truly try the matters in issue and render a true verdict according to

4  the law and the evidence.

5                          #                          #                          #

6      You may now retire to the jury room and begin your deliberations.